UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

PREMIER PLAZA OF DAVENPORT, LLC and MANNINO OF DAVENPORT INC d/b/a MANNINO'S PIZZERIA,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, PREMIER PLAZA OF DAVENPORT, LLC and MANNINO OF DAVENPORT INC d/b/a MANNINO'S PIZZERIA (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a TYPEOFBUSINESS located on or about 43362 Hwy 27 Suite 4G Davenport, FL 33837 (hereinafter "Subject Premises").

Page **1** of **14**

3.     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

4.     Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5.     Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6.     Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual. Plaintiff's recent visits to Florida include:

      a.  Coral Springs, FL on or about March 26, 2021,
      b.  Pompano Beach, FL on or about March 28, 2021,
      c.  West Palm Beach, FL on or about June 30, 2021,
      d.  Miami Beach, FL on or about July 15, 2021,
      e.  Jacksonville, FL on or about September 14, 2021,
      f.  Weston, FL on or about September 16, 2021,
      g.  Deerfield Beach, FL on or about September 17, 2021,
      h.  Weston, FL on or about October 10, 2021,
      i.  Sunrise, FL on or about October 11, 2021,
      j.  Orlando, FL on or about March 5, 2022,

  **k.** Titusville, FL on or about July 9, 2022,

  **l.** Orlando, FL on or about July 21, 2022,

  **m.** Pompano Beach, FL on or about July 22, 2022,

  **n.** Boca Raton, FL on or about July 23, 2022,

  **o.** Stuart, FL on or about July 25, 2022,

  **p.** Boca Raton, FL on or about September 1, 2022,

  **q.** Margate, FL on or about January 5, 2023

  **r.** Ft. Lauderdale, FL on or about January 6, 2023,

  **s.** Pembroke Pines, FL on or about January 6, 2023,

  **t.** Coral Springs, FL on or about January 7, 2023,

  **u.** Plantation, FL on or about January 7, 2023,

  **v.** Weston, FL on or about January 8, 2023,

  **w.** Melbourne, FL on or about June 12, 2023,

  **x.** Davenport, FL on or about June 13, 2023,

  **y.** Pompano Beach, FL on or about June 14, 2023,

  **z.** Melbourne, FL on or about July 10, 2023,

  **aa.** Ft. Lauderdale, FL on or about July 11, 2023,

  **bb.** Davenport, FL on or about July 11, 2023,

  **cc.** Pompano Beach, FL on or about July 12, 2023,

  **dd.** Ft. Lauderdale, FL on or about September 12, 2023.

  **ee.** Broward County, Florida on or about October 20-23, 2023,

  **ff.** Miami Dade County, Florida on or about October 23-24, 2023.

**7.** Defendant, PREMIER PLAZA OF DAVENPORT, LLC, is a BUSINESSENTITYTYPE which is authorized to and does transact business in the State of Florida and within this judicial district.

**8.** Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, PREMIER PLAZA OF DAVENPORT, LLC, is the owner and/or operator/manager of the real property located on or 43362 Hwy 27 Suite 4G

Davenport, FL 33837 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

9. Defendant, MANNINO OF DAVENPORT INC, is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

10. According to the Polk Tax Collector's Office, the Defendant, MANNINO OF DAVENPORT INC, was licensed on June 23, 1995 to provide Permanent Food Service and Seating and occupies 43362 Hwy 27 Suite 4G Davenport, FL 33837 as a restaurant known as "MANNINO'S PIZZERIA".

11. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff recently visited the Subject Premises on or about June 13, 2023 to dine and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 17. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

17. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Exterior Accessible Routes

1. The facility does not provide at least one accessible route of travel from the public way and accessible parking spaces to the building entrances they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1 of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve in accordance with §206.2.1 of the 2010 ADA Standards. Estimated Cost: $500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

### Accessible Parking

2. The facility does not provide an access aisle adjacent to the accessible parking spaces making it difficult for the plaintiff to identify and traverse. Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space, the access aisle shall adjoin an accessible route complying with §502.3 of the 2010 ADA Standards. Estimated Cost: $500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §502.2.2, §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

### Way Out West Interior

3. The facility does not provide a compliant accessible route throughout the store making it difficult for the plaintiff to traverse. Violation: The clear width of walking surfaces shall be 36 inches minimum in accordance with §403.5.1 of the 2010 ADA Standards. Recommendation: Rearrange the shoe boxes to provide a compliant accessible route with a minimum of 36 inches of clear width as required in §403.5.1 of the 2010 ADA Standards. Estimated Cost: $50.00. The removal of this barrier is

readily achievable as this barrier is cited as an example of readily achievable in §403.5.1 of the 2010 ADA Standards. Accessible Routes.

**Mannino's Pizza**

4. The dining area does not provide at least 5% of compliant dining surfaces making it difficult for the plaintiff to utilize. Violation: Where dining surfaces are provided for the consumption of food or drink, at least 5% of the seating spaces and standing spaces at the dining surfaces shall comply with §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of compliant dining tables as required by §226.1 and §902 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §226.1 and §902 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

**Mannino's Pizza Public Unisex Restroom**

5. The restaurant does not provide compliant designation signage with the International Symbol of Accessibility (ISA) and braille as required making it difficult for the plaintiff to locate the restroom. Violation: the toilet room complying with §603 shall be identified by the International Symbol of Accessibility complying with §703.7.2.1 and §703.5. Recommendation: Provide designation signage including the International Symbol of Accessibility mounted 48 inches minimum above the finished floor measured from the baseline of the lowest tactile character and 60" maximum above the finished floor, measured from the baseline of the highest tactile character, along the latch side of the restroom door as required by §216.8, §703.5 and §703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable. Estimated Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.8 of the 2010 ADA Standards. Signs. Toilet Rooms and Bathing Rooms.
6. The unisex restroom door does not provide the required 18 inches of latch side clearance parallel to the doorway making it difficult for the plaintiff to enter the restroom. Violation: Swinging doors and gates shall have maneuvering clearances complying with §404.2.4.1 of the 2010 ADA Standards. Recommendation: Reconstruct the doorway to provide the compliant 18 inches of latch side maneuvering clearance parallel to the doorway. Estimated Cost: $2,500.00. The removal of this barrier is readily available as this barrier is cited as an example of readily

achievable in §404.2.4 of the 2010 ADA Standards. Maneuvering Clearances at Manual Swinging doors and Gates.

7. The lavatory does not provide insulation wrap underneath as required making it hazardous for the plaintiff to utilize. Violation: Water supply lines and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact as required by §606.5 of the 2010 ADA Standards. Recommendation: Install insulation wrap around the exposed water supply lines and drain pipe as required. Estimated Cost: $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606.5 of the 2010 ADA Standards. Lavatories. Exposed Pipes and Surfaces.
8. The mirror exceeds the maximum height allowance of 40 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor or ground in accordance with §603.3 of the 2010 ADA Standards. Recommendation: Relocate or install a new mirror at the compliant height, not to exceed 40 inches above the finish floor to the bottom edge of the reflecting surface as required by §603.3. Estimated Cost: $250. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §603.3 of the 2010 ADA Standards. Toilets and Bathing Rooms.
9. The unisex restroom provides a paper towel dispenser that exceeds the maximum reach range allowance of 48 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: If soap and towel dispensers are provided, they must be located within the reach ranges specified in §308 as required by §606.1 of the 2010 ADA Standards. Recommendation: Provide a new ADA compliant paper towel dispenser to be 48 inches maximum above the finish floor in accordance with the compliant reach ranges in §308 of the 2010 ADA Standards. Estimated Cost: $150.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §308.2.1 of the 2010 ADA Standards. Lavatories. General. Dispensers. Reach Ranges.
10. The flush control is not located on the open side of the water closet and operable with one hand making it difficult for the plaintiff to utilize. Violation: Flush controls shall be hand-operated or automatic. Hand-operated flush controls shall comply with 309. Flush controls shall be located on the open side

of the water closet as required by §604.6 of the 2010 ADA Standards, except in ambulatory accessible compartments complying with 604.8.2. Recommendation: Install a new water closet with the flush control on the compliant open side and operable with one hand as required. Estimated Cost: $1,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.6 of the 2010 ADA Standards. Flush Controls.

11. The toilet paper dispenser is not mounted in the compliant location 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser making it difficult for the plaintiff to utilize. Violation: The toilet paper dispenser shall be located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser as required by §604.7 of the 2010 ADA Standards. Recommendation: Install a compliant toilet paper dispenser as required by §604.7. Estimated Cost: $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.7 of the 2010 ADA Standards. Dispensers.

12. The side wall grab bar does not meet the minimum requirement of 42 inches long and is not located 12 inches maximum from the rear wall extending 54 inches minimum from the rear wall as required making it difficult for the plaintiff to transfer to the seat. Violation: The side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall as required by §604.5.1 of the 2010 ADA Standards. Recommendation: Remove and reinstall the existing grab bar in accordance with §604.5.1 of the 2010 ADA Standards. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5 and §609 of the 2010 ADA Standards. Grab Bars. Side-wall.

13. The toilet does not provide a rear wall grab bar making it difficult for the plaintiff to utilize. Violation: The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side as required by §604.5.2 of the 2010 ADA Standards. Recommendation: Provide a new compliant rear wall grab bar in the compliant location as required by 604.5.2 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily achievable as this barrier is cited as an

    example of readily achievable in §604.5.2 of the 2010 ADA Standards. Grab Bars. Rear Wall.
14. The lavatory obstructs the water closets 60 inches of required clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to utilize. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall as required in §604.3.1 of the 2010 ADA Standards. Recommendation: Remove or relocate the lavatory within the toilet room to provide compliant clearance around the water closet as required in §604.3.1 of the 2010 ADA Standards. Estimated Cost: $1,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size.

**18.** The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

**19.** The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**20.** The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5)

impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

21. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

22. Because, *inter alia,* this facility was designed, constructed, and received its Certificate of Occupancy on June 23, 1995, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

23. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with

disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

24. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

25. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

26. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

27. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

28. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

29. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

30. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility

until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

        Respectfully submitted,

        s/ Glenn R. Goldstein
        Glenn R. Goldstein, Esq. (FBN: 55873)
           *Attorney for Plaintiff*
        Glenn R. Goldstein & Associates, PLLC
        8101 Biscayne Blvd., Ste. 504
        Miami, Florida 33138
        (561) 573-2106
        GGoldstein@G2Legal.net

        s/ Lauren N. Wassenberg
        Lauren N. Wassenberg, Esq. (FBN: 34083)
           *Attorney for Plaintiff*
        Lauren N. Wassenberg & Associates, P.A.
        33 SE 4th St., Ste. 100
        Boca Raton, Florida 33432
        (561) 571-0646
        WassenbergL@gmail.com